**Karen RUSSELL, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,* Commissioner of Social Security, Defendant–Appellee.**

**No. 06–56034.**

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2008**.

Filed March 11, 2008.

Thomas G. Roche, Esq., San Diego, CA, for Plaintiff–Appellant.

Leo R. Montenegro, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

708

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM ***

Karen Russell appeals from the district court's order upholding the Administrative Law Judge's (ALJ) denial of social security disability benefits. We affirm.

Substantial evidence supports the ALJ's finding that Russell was not disabled during the relevant time period. *See Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.2001); *see also Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005) (holding that "[w]here evidence is susceptible to more than one rational interpretation," the ALJ's interpretation should be upheld). The ALJ's finding is supported by evidence that prior to Russell's alleged disability onset date, she had resolution of her neck and upper extremity symptoms following neck surgery in 1987, that an extensive medical work-up in October 1991 revealed no evidence of debilitating disease, and that Russell did not receive any medical treatment from March 1992 to April 1997.

The ALJ properly rejected the conclusory retrospective opinions of Dr. Spier and Dr. Schweller, neither of whom were treating physicians during the relevant time period. *See Magallanes v. Bowen,* 881 F.2d 747, 754 (9th Cir.1989). Moreover, even accepting their opinions that the onset of multiple sclerosis occurred during or before the relevant time period, substantial evidence supports the ALJ's conclusion that the disease was at that point asymptomatic and not disabling.

Russell argues that the ALJ erred in failing to call a medical expert to testify at the hearing. However, she waived that argument when she failed to make it at her appeal hearing or before the district court. *See Edlund,* 253 F.3d at 1158.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.